# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

TRENT KNIGHT and JENNIFER
KNIGHT, Individually and as
Surviving Parents of Ella
Knight,

     Plaintiffs,

v.

WINDSTREAM SUPPLY, LLC,

     Defendant.

CV 525-088

## ORDER

Before the Court is Plaintiffs Trent and Jennifer Knight's motion to remand. Dkt. No. 7. The motion has been fully briefed, dkt. nos. 7, 12, 13, and is ripe for review. For the reasons below, the motion is **GRANTED**.

## BACKGROUND

This case arises from a June 18, 2023 automobile accident in Brantley County, Georgia, wherein Plaintiffs' fifteen year-old daughter, Ella Knight, was killed. At the time of the accident, the at-fault driver was allegedly working as an employee of Falcon Directional Drilling, Inc., ILC Telecom, Inc., and Windstream Georgia Telephone, LLC. See Dkt. No. 1-2 at 4-5. Plaintiffs initiated this negligence action against those entities and the at-fault driver, all of whom are Georgia

citizens, in the Superior Court of Brantley County, Georgia, on December 29, 2023. Dkt. No. 1-1 at 2. On May 7, 2024, the defendants removed the case to this court based on federal question jurisdiction. Dkt. No. 12 at 2. Then, Plaintiffs withdrew their federal claims, and the case was remanded on June 4, 2024. Id. In July 2025, Plaintiffs reached a settlement in state court with all defendants *except* Windstream Georgia Telephone, LLC. Dkt. No. 7 at 2. On August 1, 2025, the court granted a consent motion to dismiss all defendants except Windstream Georgia Telephone, LLC, leaving it as the sole remaining defendant. Id. On August 4, 2025, Windstream Georgia Telephone, LLC filed a motion for summary judgment, asserting for the first time that Plaintiffs had sued the wrong Windstream entity. Id. Why Windstream waited nearly two years and multiple trips between sovereigns before filing the motion is unclear. The effect was to open up a second try to land in federal court, over one year after remand. On August 25, 2025, Plaintiffs amended their complaint to drop Windstream Georgia Telephone, LLC as a defendant and add the correct defendant, Windstream Supply, LLC. Id. Three days later, on August 28, 2025, Defendant Windstream Supply, LLC, a foreign limited liability company and non-citizen of Georgia, removed the case to this Court on the basis of diversity jurisdiction. Dkt. No.

2

1.   Plaintiffs now move to remand the case to state court, dkt. no. 7, and Defendant objects, dkt. no. 12.

## LEGAL AUTHORITY

Defendant Windstream Supply, LLC removed this action pursuant to 28 U.S.C. §§ 1441(b) and 1446 based on diversity jurisdiction under 28 U.S.C. § 1332.   Dkt. No. 1 at 7. Defendant, as the party invoking federal jurisdiction, bears the burden of showing the existence of federal jurisdiction as of the time of removal.   McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007). Courts must narrowly construe removal statutes, resolving "any doubts about the propriety of federal jurisdiction . . . in favor of remand to state court" and in favor of the non-removing party.   See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008) (citing Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996)); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).

A party who removes a case to federal court must also comply with statutory procedural requirements. Unlike the requirement that federal jurisdiction must exist for effective removal, litigants may waive procedural requirements for removal.   Wilson v. Gen. Motors Corp., 888 F.2d 779, 781 n.1 (11th Cir. 1989) (citing Grubbs v. Gen. Elec. Credit Corp., 405 U.S. 699, 702 (1972)).

3

Finally, the requirement that courts strictly construe removal statutes in favor of remand, while usually invoked regarding questions of subject-matter jurisdiction, also applies to the procedural requirements for removal. Tucker v. Equifirst Corp., 57 F. Supp. 3d 1347, 1351-52 (S.D. Ala. 2014) (citing Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002)).

**DISCUSSION**

### I. The Relevant Statute:  28 U.S.C. § 1446

The statute governing the procedure for removal of civil actions, 28 U.S.C. § 1446, is, shall we say, not the clearest of them all.  It requires that the notice of removal of a civil case "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  § 1446(b)(1).  Further, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." § 1446(b)(2)(b).  But when "the case stated by the initial pleading *is not removable*, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  § 1446(b)(3) (emphasis added).  However, a case may

4

not be removed under that subsection on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." § 1446(c)(1).

## II.    The Parties' Arguments

Plaintiffs argue that § 1446(c)(1)'s one-year limitation on removal based on diversity applies to the removal of this case, and, therefore, Defendant's removal was untimely, having occurred more than one year and seven months after this case was initiated in state court. Dkt. No. 7 at 2. Further, Plaintiffs contend there is no evidence of bad faith on their part to preclude remand under that subsection, id. at 5, and Defendant does not dispute that contention.

Defendant responds that § 1446(c)(1) is not applicable here because "[t]hat rule *only* applies when the case was *not* removable when it was originally filed, but where it becomes removable at a later time." Dkt. No. 12 at 1. Defendant explains that is not the case here because Plaintiffs' original complaint asserted violations of the Federal Immigration Act. Id. at 1-2. In other words, the case was removable because federal question jurisdiction existed. Id. at 2. Indeed, on May 7, 2024, about four months after Plaintiffs filed the initial complaint, the case *was* removed to this Court by then-

defendants based upon federal question jurisdiction. Id. Shortly thereafter, on May 29, 2024, Plaintiffs filed a consent motion to amend their complaint by withdrawing the federal claims and to remand the case to state court. Id. at 3. The motion was granted, and the case was remanded to state court. Id. So, Defendant argues, because this case actually *was* removable, § 1446(c)(1)'s one-year limitation does not apply, and the proper analysis of timeliness is under § 1446(b)(1), which requires only that a notice of removal be filed within thirty days of a defendant's receipt of the initial pleading. Id. Defendant argues that because it removed this case within thirty days of being served with the operative complaint, removal was timely. Id.

### III.   Analysis

"This analysis involves a federal removal statute that does not directly contemplate the idiosyncratic facts at hand." Thomas v. John Fenwick Serv. Plaza, No. 219CV12387, 2019 WL 2448519, at *2 (D.N.J. June 12, 2019) (discussing 28 U.S.C. § 1446). To recap: when Plaintiffs filed their first complaint in state court, the case was removable based on federal question. Indeed, then-defendants timely removed to federal court based on federal question jurisdiction. Then, Plaintiffs amended their complaint to omit the federal claims, and all parties consented to the case being remanded to state court.

For one year and two months, the case went forward in state court against non-diverse defendants.  Then, diversity of citizenship was created for the first time when Plaintiffs settled with all but one of the then-defendants, and Plaintiffs amended their complaint *again* to replace Windstream Georgia Telephone, LLC with Windstream Supply, LLC.

The Parties do not cite a case on point, likely because no other case has such a unique procedural history.  The conundrum presented here is that § 1446 does not contemplate a second round of removal.

At first blush, § 1446(c)(1)'s one-year limitation on removal based on diversity jurisdiction would appear to not apply to this case because this case was initially removable. Does it matter that the case was removeable not based on diversity but on federal question jurisdiction—to which there is no applicable time limit for removal—and in fact was removed on that basis?  The statute does not say.  There are multiple indications, however, that the one-year limitation on diversity-based removal was meant to apply to cases like this one.

First, to allow removal based on diversity at this point in the case flies in the face of the heading for § 1446(c), which reads "Requirements; removal based on diversity of citizenship." The heading includes no other qualifiers.  The Supreme Court has held that, while headings "are not commanding, they supply cues"

of Congress's intentions.  Yates v. United States, 574 U.S. 528, 540 (2015) (citing Almendarez-Torres v. United States, 523 U.S. 224, 234 (1998) ("[T]he title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute." (internal quotation marks omitted))).  Further, when discussing removal based on diversity of citizenship, the Supreme Court has stated that "[n]o case . . . may be removed from state to federal court based on diversity of citizenship 'more than 1 year after commencement of the action.'"  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68-69 (1996) (citing § 1446).  The Supreme Court's interpretation of the statute is, of course, binding on this Court.  See In re United States, 624 F.3d 1368, 1379 n.2 (Martin, J., dissenting) (The Eleventh Circuit Court of Appeals is "bound only by Supreme Court precedent and the holdings of this Court.").

Precluding removal under the circumstances of this case is also in line with the legislative history of § 1446.  According to the House Committee on the Judiciary, the amendment to § 1446 establishing a one-year limit on removal based on diversity jurisdiction was "a means of reducing the opportunity for removal after substantial progress has been made in state court."  H.R. Rep. No. 100-889, at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33.  Here, the case had progressed in state court, for well over a year, to the summary judgment stage

when, for the first time, the first-named Windstream defendant moved for dismissal based on being the incorrect entity. Again, no one contends Plaintiffs proceeded in bad faith. Thus, to allow removal *now* and make Plaintiffs start all over in federal court would be a waste of party resources, as well as this Court's. See id. ("Removal late in the proceedings may result in substantial delay and disruption.").

At bottom, the removal statute "does not directly contemplate the idiosyncratic facts at hand." Thomas, 2019 WL 2448519, at *2. Under circumstances such as this, district courts are under a directive to narrowly construe removal statutes, resolving "any doubts about the propriety of federal jurisdiction . . . in favor of remand to state court" and in favor of the non-removing party—here, Plaintiffs. See Adventure Outdoors, Inc., 552 F.3d at 1294; Tucker, 57 F. Supp. 3d at 1351-52 (citing Henson, 537 U.S. at 32 ("[S]tatutory procedures for removal are to be strictly construed.")). Given the structure, language, history and intent of the statute, there is doubt that this second attempt at removal is proper. Accordingly, the Court concludes remand of this case is appropriate.

**CONCLUSION**

For these reasons, Plaintiffs' motion to remand, dkt. no. 7, is **GRANTED**.   This matter is hereby **REMANDED** to the Superior Court of Brantley County, Georgia.

**SO ORDERED**, this 13th day of March, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

10